UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| ROBERT MAINES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0: 08-075-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by

Plaintiff Robert Maines ("Maines") and Defendant Michael J. Astrue, Commissioner of Social

Security (the "Commissioner"). [Record Nos. 17 and 18] Maines seeks to reverse the decision of

an Administrative Law Judge ("ALJ") concluding that he is not entitled to a Period of Disability,

Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). However, the

Commissioner contends that the ALJ's decision is supported by substantial evidence and should be

affirmed. Having considered the record and the parties' arguments, the Court will grant summary

judgment in favor of the Commissioner.

## I.    Background

Robert Maines filed for a Period of Disability, DIB, and SSI on May 30,2005, and May

31,2005, alleging disability beginning November 21, 2003.[1]  His claim was denied initially on

---

1.    Maines previously applied for a period of disability on January 31, 2002. ALJ William Gitlow
granted him a closed period of disability from August 1, 2001, through December 9, 2002. Once this period
concluded, the ALJ determined that Maines' disability had ceased. Maines appealed this determination but

August 30, 2005, and denied upon reconsideration on March 17, 2006.  After filing a written request

for a hearing, Maines, Maines' attorney Donald McFarland, and vocational expert ("VE") Anthony

T. Michael, appeared before ALJ Andrew Chwalibog on April 2, 2007, in Huntington, West

Virginia.  In his subsequent August 7, 2007 decision, ALJ Chwalibog found that Maines was not

disabled under §§ 216(i) and 223(d) of the Social Security Act.  [Tr., pp. 16-27]  Maines now

appeals this determination.

    At the time of the administrative hearing, Maines was a 45-year-old man with a tenth-grade

education and past relevant work experience as a factory laborer and saw mill laborer.  His alleged

disability consists of shoulder and wrist injuries, hearing loss, and neck and elbow pain.  A number

of these injuries were sustained as a result of an August 2001 vehicle accident.  After reviewing the

record and the testimony presented at the hearing, the ALJ concluded that Maines suffered from the

following severe impairments: residual pain and post-traumatic arthritis of the lest wrist; tear in the

fibrocartilage complex; residual pain and arthritis of the right shoulder joint.  [Tr., p. 19]

Notwithstanding these impairments, the ALJ found that Maines retained the residual functional

capacity ("RFC") for a range of light level work activities.  Specifically,

> He can lift and/or carry twenty pounds occasionally and ten pounds frequently,
> stand/walk for six hours out of an eight-hour workday, sit for six hours out of an
> eight-hour workday but can only occasionally crawl and never climb
> ropes/ladders/scaffolds.  Due to hearing loss, the claimant should avoid exposure to
> loud noises without hearing protection and cannot perform jobs requiring significant
> conversation.  He must avoid work at unprotected heights or around dangerous
> moving machinery.  He has mildly limited in [sic] grip strength in his upper left
> extremity and should avoid overhead work and because of polyarthritic joint pain,
> he should avoid concentrated exposure to humidity.

_____

was denied further review by the Appeals Council.  Instead of pursuing his claim further, Maines filed the
instant application.

[Tr., p. 20]  This opinion was consistent with the prior assessment of ALJ Gitlow, in which that ALJ found that Maines' disability ended in December 2002.  As a result, ALJ Chwalibog concluded that Maines was not under a disability from November 21, 2003, through the date of his decision.

## II.      Standard of Review

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Barnhart v. Thomas*, 540 U.S. 20, 23 (2003) (quoting  42 U.S.C. § 1382c(a)(3)(B)); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007).  A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'"  *See* 20 C.F.R. §§ 404.1520 and 416.920;  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006).  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  Second, a claimant must show that he suffers from a severe impairment.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment that is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience.  20 C.F.R. §§ 404.1520(d) and 416.920(d).   Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past

work to determine if he can do past work.  If he can, he is not disabled.  20 C.F.R. §§ 404.1520(f) and 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine if he can perform other work which exists in the national economy.  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If he cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. §§ 404.1520(g) and 416.920(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  The substantial evidence standard presupposes that there is a zone of choice within which decisionmakers can go either way, without interference from the court.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record.  Instead, "substantiality of the evidence must be based upon the record taken as a whole.  Substantial evidence is not simply some evidence, or even a great deal of evidence.  Rather, the substantiality of evidence

must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin, 475 F.3d 727, 730 (6th Cir. 2007); Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantive evidence in the record. 42 U.S.C. § 405(g).

**III.   Analysis**

Maines asserts that the ALJ's opinion is not supported by substantial evidence. Specifically, he argues that the ALJ did not take into account the opinion of the VE and did not take into account the severity of his physical impairments. Maines' first argument is premised on an exchange between the ALJ and the VE in which the ALJ posed a number of hypothetical questions. In the first question, the ALJ set forth the limitations that he eventually adopted in his decision. These limitations prompted the VE to conclude that there were jobs in the national economy that the hypothetical individual could perform.

The ALJ made the limitations more restrictive in his second hypothetical question, positing an individual who could lift 10 pounds occasionally and 5 pounds frequently, but could not push or pull with his upper extremities, among other characteristics. The VE responded that, "in [his] opinion there wouldn't be any jobs that this [hypothetical] individual could perform." [Tr., p. 485] Maines argues that the ALJ should have relied on this second hypothetical and second VE response

in making his disability determination.  However, the Commissioner counters that the limitations listed in the ALJ's second hypothetical question were not credible; therefore, the ALJ rejected those limitations, along with the VE's opinion referencing them.

The Sixth Circuit has repeatedly noted that "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence." *Cruse*, 502 F.3d at 543.  The limitations in the ALJ's second hypothetical were based, for the most part, on Maines' own testimony regarding his physical condition.  Maines testified that he suffered severe pain in his neck, shoulder, and wrist as a result of his earlier vehicle accident.  He stated that this pain prevents him from being able to grip or hold on to objects, and even prevents him from taking showers, sleeping and using his hands at all.  He also alleges arthritic pain in his shoulder, wrist, and knee.  The arthritis in his knee, he claims, is severe enough to impede his walking.  Finally, he reports that hearing in his right ear is nearly gone, and hearing in his left ear is impaired as well.  The ALJ took Maines' testimony into account, but did not find them fully credible when compared to the rest of the record.

The majority of the medical records pre-date the November 21, 2003, onset of the alleged disability.  The first applicable medical report is dated July 9, 2004, from the St. Claire Regional Medical Center Emergency Room.  [Tr., pp. 383-384]  Maines complained of neck and back pain due to an injury from lifting and/or slipping and falling.  The report detailed a "mild muscle spasm" and "mild soft tissue tenderness" in the neck and back, but otherwise noted no abnormal signs.  [*Id*.] The clinical impression was of "upper back strain and strained right shoulder." [*Id*.]  Approximately one year later, on July 26, 2005, Maines was examined by Dr. Stephen Nutter, in connection with his disability determination.  Maines complained of joint, shoulder, knee, and wrist pain, which did

not abate through physical therapy.  Dr. Nutter noted evidence of pain with movement in Maines'

shoulders, left wrist, and knees; however, none of these areas exhibited warmth, redness, swelling,

crepitus, or laxity.  [Tr., pp. 428-431]  Maines was able to walk on his heels and toes, although he

could not perform a squat.  As far as Maines' hands, Dr. Nutter found no atrophy and normal grip

strength.  He noted that Maines was able to write and pick-up coins without difficulty.  [Tr., p. 430]

Dr. Nutter's final impressions were of degenerative arthritis and post traumatic arthritis, although

there was no evidence of "synovial thickening, periarticular swelling, nodules, or contractures

consistent with rheumatoid arthritis."  [Tr., p. 431]

Also, in July 2005, Maines went to the Lexington Hearing & Speech Center, complaining

of hearing difficulties.  The results of the hearing test conducted were "moderate to profound

sensorineural hearing loss for the right ear and a moderate- severe to profound sensorineural hearing

loss for the left ear," along with "[e]xtremely poor speech understanding" in each ear.  [Tr., p. 425]

Based on these opinions, Dr. Jorge Baez-Garcia filled-out an RFC form on August 25, 2005, in

which he found that Maines could occasionally lift 20 pounds, frequently lift 10 pounds,

stand/walk/sit for 6 hours in an 8-hour workday, and push/pull without limitations.  [Tr., p. 433]

These limitations were the same limitations eventually adopted by ALJ Chwalibog.

A few months later, in October 2005, Dr. R. Thomas Fossett examined Maines and prepared

a "Medical Source Statement of Ability to do Work-Related Activities" in which he detailed

limitations more restrictive than those evaluated by Dr. Baez-Garcia.  However, the basis for his

evaluation appears to rely in large part on Maines' own subjective complaints.  [Tr., pp. 441-450]

Dr. Fossett's examination consisted simply of noting a scar on Maines' shoulder and some limited

range of shoulder motion.  [Tr., p. 450]

After reviewing these medical records, the Court is unable to conclude that the ALJ erred in adopting the hypothetical based on limitations assessed by Drs. Baez-Garcia and Nutter. The more restrictive limitations found by Dr. Fossett were not supported with medical evidence and in fact, were devoid of details and description of Maines' physical condition, compared to the extensive report submitted by Dr. Nutter. Moreover, there is no evidence to establish that Dr. Fossett is either a specialist or Maines' treating physicians. The ALJ posed a hypothetical question containing Dr. Fossett's limitations, but he ultimately did not adopt those limitations or the VE's response to those limitations. His decision to do so is supported by substantial evidence. Based on his credibility determination, the ALJ was under no obligation to adopt the more restrictive limitations. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230,1 235 (6th Cir. 1993) (holding that hypothetical questions need only incorporate those limitations which the ALJ has accepted as credible).

Medical records as well as Maines' own testimony support the ALJ's finding that Maines' shoulder, wrist, hand, and knee injuries did not rise to the level of a statutory disability. During the period of alleged disability, as noted above, Maines sought very little medical attention. Further, even a review of medical records pre-dating the disability onset does not support a disability determination. Dr. James R. Rollins, a physician who had treated Maines on a number of occasions, examined him on March 18, 2003. Dr. Rollins noted that Maines' wrist was "do[ing] well," although "he has had a lot of problems with his shoulder." [Tr., p. 282] Dr. Rollins further noted that Maines' "wrist shows excellent range of motion," and that he had "excellent rotator cuff strength," "good strength," and "good pulses." [*Id*.] Finally, Maines leads a functional day-to-day lifestyle, in which he watches television, socializes with neighbors, and fishes with his son. [Tr.,

p. 474-475]  In fact, during 2004, Maines was treated for minor injuries in relation to walking his

dog and picking blackberries.  [Tr., p. 374]

### IV.     Conclusion

After reviewing the administrative record and considering the parties' arguments, the Court

agrees that the ALJ properly rejected the findings of Dr. Fossett and incorporated the findings of the

VE into the disability determination.  The ALJ took into account all credible information and issued

a decision supported by substantial evidence.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Plaintiff Robert Maines' Motion for Summary Judgment [Record No. 17] is

**DENIED**;

2.      Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 18] is

**GRANTED**; and

3.      The administrative decision will be **AFFIRMED** by separate Judgment entered this

date.

This 4th day of March, 2009.



Signed By:

_Danny C. Reeves_  DCR

United States District Judge